IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00584-BNB-MJW

LARRY L. VINSON,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

_____

**ORDER**
_____

This matter is before me on the amended **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Doc. #4, filed 4/6/2007] (the "Application"); the Answer filed [Doc. #21, filed 8/28/2007]; and the Reply [Doc. #29, filed 10/9/2007]. The Application is DENIED.

## I. BACKGROUND

The petitioner was charged with four counts of forgery-commercial/checks in violation of section 18-5-102(1)(c), C.R.S., and two counts of theft in violation of section 18-4-401(1)(a), C.R.S. *Answer*, Ex. 1; Ex. 6, p. 1.[1] On April 12, 1999, he pled guilty to the four counts of forgery in exchange for dismissal of the theft charges. Id. He was sentenced to community

---

[1]The pagination of Exhibit 6 begins with the second consecutive page; the first page of Exhibit 6 is not numbered. I cite to the page numbers on the exhibit itself, not to the page numbers as assigned by the Court's docketing system.

corrections for twelve years. Id. at Ex. 6, p. 1. He did not directly appeal his conviction or sentence.

On August 13, 2001, the petitioner's sentence was revoked and he was sentenced to twelve years in the Colorado Department of Corrections. Id. at Ex. 1; Ex. 6, p. 1.

On September 29, 2003, the petitioner filed a post conviction motion claiming that the trial court lacked jurisdiction to hear his claims because two of the offenses were committed outside of Denver County; his trial counsel provided ineffective assistance by failing to address the court's lack of jurisdiction; the imposition of consecutive sentences was illegal; and the imposition of mandatory parole was illegal. Id. at Ex. 2; Ex. 6, p. 1. The trial court denied his motion finding that it had jurisdiction; counsel's assistance was not ineffective; imposition of consecutive sentences was not illegal; and mandatory parole was legally imposed. Id. at Ex. 2; Ex. 6, pp. 1-2.

The petitioner subsequently filed a writ of habeas corpus, arguing that the trial court illegally ordered him to pay restitution and that the Department of Corrections was improperly taking money from his inmate account to pay the restitution. The trial court denied this motion. Id. at Ex. 6, p. 2.

The petitioner appealed the trial court's orders. Id. at Ex. 3; Ex. 6, p. 2. The appellate court affirmed. Id. at pp. 2-8. The Mandate issued on April 28, 2006. Ex. 7.

On December 28, 2006, the petitioner filed a "Writ of Habeas Corpus" with the Colorado Supreme Court challenging the trial court's jurisdiction and alleging ineffective assistance of counsel. Id. at Ex. 8. The supreme court denied the "Writ of Habeas Corpus" on March 1, 2007. Id. at Ex. 9.

The petitioner filed his initial application [Doc. #3] on March 15, 2007. Pursuant to an order of the Court [Doc. #2], he filed his amended application [Doc. #3] on April 6, 2007. The Application raises three claims. Claims One and Two allege that the trial court lacked jurisdiction to hear two of the four forgery charges brought against the petitioner because the offenses in those cases occurred outside of Denver County. *Application*, pp. 5-8.[2] Claim Three alleges that the petitioner's counsel was ineffective by failing to advise the petitioner of the trial court's alleged lack of jurisdiction. Id. at p. 8. All of the petitioner's claims relate to his original guilty plea and resulting conviction. The petitioner does not challenge his revocation.

The petitioner seeks $100,000.00 for each "illegal year" of his sentence; an additional 2 million dollars for "the loss of the quality of life"; and 2.2 million dollars in punitive damages. He further seeks "to be released of any sentence being served at the time of judgment" and "closure" of his criminal record. Id. at p. 14.

## II. ANALYSIS

The respondents argue that the Application is barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Answer*, pp. 5-6. The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

28 U.S.C. § 2244(d)(1).

---

[2]The Application is not consecutively paginated. Therefore, I cite to page numbers of the Application as assigned by the Court's docketing system.

The one-year limitation period begins to run on the date the judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at § 2244(d)(1)(A).

The petitioner pled guilty to the forgery charges on April 12, 1999, and was sentenced to probation on May 24, 1999. *Answer*, Ex. 1. Id. He had 45 days within which to appeal his judgment of conviction. Colo. R. App. P. 4(b)(1). He did not file a direct appeal. Therefore, his conviction became final on July 8, 1999, when the time for filing a direct appeal on his conviction expired. Absent any tolling, the petitioner's Application had to be filed on or before July 8, 2000.

The AEDPA allows tolling of the one-year limitation period as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The petitioner filed his first motion for state post-conviction relief on September 29, 2003, more than three years after the limitation period expired. *Answer*, Ex. 2; Ex. 6, p. 1. The AEDPA's one year limitation period is not tolled by post-conviction motions that are filed after the one year period has expired. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Consequently, the petitioner's motions for state post-conviction relief did not toll the statute of limitation.

In addition to statutory tolling, the one year limitation period may be equitably tolled. The petitioner does not argue that he is entitled to equitable tolling, nor does the record support a case for equitable tolling. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (noting that

4

the AEDPA's one year statute of limitation "is subject to equitable tolling but only 'in rare and exceptional circumstances'"). Equitable tolling is appropriate only where the petitioner has diligently pursued his federal habeas claim. Id. The unexplained delay present here does not demonstrate the requisite diligence to justify equitable tolling. Id.; Adams v. LeMaster, 223 F.3d 1177, 1184 (10th Cir. 2000), cert. denied, 531 U.S. 1195 (2001).

The petitioner asserts that he is entitled to an exception to the limitation period. Quoting People v. Slusher, 43 P.3d 647 (Colo. App. 2001), the petitioner states "[t]he time limitations for collateral attacks on criminal convictions do not apply where the court entering the judgment of conviction did not have jurisdiction over the subject matter of the offense." *Reply*, p. 6. The petitioner also cites to People v. Vigil, 983 P.2d 805 (Colo. App. 1999), for the same proposition.

In both Slusher and Vigil, the court was referring to a statutory exception to the limitation period for filing a collateral attack in the state court. 43 P.3d at 649 (citing section 16-5-402(2)(a), C.R.S.); 983 P.2d at 809 (same). This exception is not applicable to the limitation period for filing an application for a writ of habeas corpus in the federal district court. 28 U.S.C. § 2244.

Because the petitioner is not entitled to statutory or equitable tolling, the petitioner's Application was due on or before July 8, 2000. The petitioner did not initiate this case until March 15, 2007. As a result, the Application is barred by the one-year limitation period.[3]

---

[3]Because I find that the Application is barred by the statute of limitation, I do not address the respondents' remaining arguments.

## III. CONCLUSION

IT IS ORDERED that the Application for a Writ of Habeas Corpus [Doc. # 4] is DENIED.

IT IS FURTHER ORDERED that, in view of my disposition of the Application, the following motions are DENIED AS MOOT: **Order for Disposition** [Doc. #31]; **Writ of Mandamus Petition Pursuant to C.A.R. 21** [Doc. #33]; **Motion for Status of Case** [Doc. #34]; **Motion for Status of Case** [Doc. #35]; **Motion for Status of Case** [Doc. #36]; and **Petition Pursuant to F.R.A.P. 21 Rule to Show Cause** [Doc. #37].

Dated March 19, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge