**FILED**
United States Court of Appeals
Tenth Circuit

**March 26, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

| | |
|---|---|
| In re: LARRY L. VINSON, | No. 09-1074 |
| | (D.C. No. 1:07-CV-00584-BNB-MJW) |
| Petitioner. | (D. Colo.) |

---

**ORDER**

---

The Court, in order to correct a clerical error in the issuance of this order dated March 19, 2009, hereby reissues the order to reflect the correct District Court case number in the caption.

The order is reissued nunc pro tunc and is to read as follows:

Larry L. Vinson has filed a petition for a writ of mandamus to compel the United States District Court for the District of Colorado to decide his 28 U.S.C. § 2254 petition in case No. 07-cv-584. Petitioner filed his habeas petition on March 23, 2007, and it was at issue as of October 9, 2007.

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). "For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).

In *Johnson*, we held that a fourteen-month delay in deciding a prisoner's habeas

petition for no reason other than docket congestion was impermissible. *Id.* This case has been at issue for seventeen months. We direct respondents, People of the State of Colorado and Attorney General John W. Suthers, to file a response to the mandamus petition within thirty days of the date of this order. We also invite the district court to respond within the same time period. We grant petitioner's motion for leave to proceed without prepayment of costs or fees.

                                            Entered for the Court,

                                            ELISABETH A. SHUMAKER, Clerk